IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELA McMULLEN                                                          PLAINTIFF

V.                                     CIVIL ACTION NO. 1:15-cv-196-SA-DAS

STARKVILLE OKTIBBEHA CONSOLIDATED
SCHOOL DISTRICT, DR. LEWIS HOLLOWAY,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, AND TIMOTHY BOURNE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES                DEFENDANTS

### DR. LEWIS HOLLOWAY AND TIMOTHY BOURNE'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Come now Dr. Lewis Holloway ("Holloway") and Timothy Bourne ("Bourne"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Order Staying Discovery (*CM/ECF Doc. No.* 7) entered in this matter, respectfully submit their Memorandum of Authorities in Support of their Motion for Summary Judgment. In support thereof, the defendants would show as follows:

### INTRODUCTION

This suit arises out of Plaintiff's former employment as a teacher during the 2014-2015 school year with the Starkville Oktibbeha School District. (*Compl.* ¶¶ 1-2). In particular, the Plaintiff claims the school district did not give her notice of non-renewal for the 2015-2016 school year (*Compl.* ¶¶ 4, 8); did not give her notice of charges before terminating her (*Compl.* § 5); did not grant her FMLA request (*Compl.* ¶ 13 -14); and breached her contract of employment (*Compl.* ¶ 16).

## FACTUAL BACKGROUND

Dr. Lewis Holloway is the superintendent of the Starkville Oktibbeha School District, and has been in that position for four (4) years. (*Holloway Dep*. 8:25 – 9:02). Timothy Bourne has been the principal at Armstrong Middle School for the past three (3) years. (*Bourne Dep*. 6:24 – 7:06). Plaintiff was a teacher at Armstrong Middle School for the school year 2014 – 2015. (*Pl. Dep*. 13:05 – 13:07). Prior to April 15, 2015, Dr. Lewis Holloway and Timothy Bourne recommended the Plaintiff for rehire at Armstrong Middle School. (*Holloway Dep*. 37:05 – 38:15).

On April 15, 2015, the Plaintiff abandoned her job as a teacher at Armstrong Middle School. (*Pl Dep*. 44:09 – 45:19; *Bourne Dep*. 21:14 – 21:22).

According to Timothy Bourne, the principal at Armstrong Middle School, "[j]ob abandonment defined in this particular instance as exhausting all of your leave, that is personal illness, that is personal business, that is loss of sub pay, that is not being approved FMLA, that is not having lesson plans, that is not having guidance for a sub, that is - - that is having no kind of direction for that classroom, period. Nothing. No making of tests. No guidance whatsoever for that." (*Bourne Dep*. 21:14 – 21:22).

Likewise, according to Dr. Lewis Holloway, "in this situation the person left sometime in April, did not work anymore for the rest of the year, did not contact the school district, contacted the school district sometime in early May that she would not be back at the end of the year. She was not being paid because she was – she was at that time on leave without pay. She never came back, and I believe that's abandonment." (*Holloway Dep*. 12:07 – 12:19).

**CLAIMS**

While the Plaintiff has made no specific factual allegations in her Complaint against Defendants Holloway and Bourne in their individual capacities, the Plaintiff claims the school district did not give her notice of non-renewal for the 2015-2016 school year (*Compl.* ¶¶ 4, 8); did not give her notice of charges before terminating her (*Compl.* ¶ 5); did not grant her FMLA request (*Compl.* ¶ 13 -14); and breached her contract of employment (*Compl.* ¶ 16).

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a summary judgment will be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has explained that the language of Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact..." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561 (N.D. Miss. 1995)(citing *Celotex,* 477 U.S. at 324).

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

In the case at bar, as outlined below, Defendants Holloway and Bourne are entitled to a judgment as a matter of law.

## ARGUMENT

### I. STATE LAW CLAIMS

In her Complaint, Plaintiff asserts that "[t]here are pendent state law claims over which this court has jurisdiction." (*Compl.*, p. 2). Additionally, the Plaintiff alleges she submitted a Notice of Claim pursuant to the Mississippi Tort Claims Act ("MTCA") and that she received a letter denying the claim, attaching the same to her Complaint. (*Compl.* ¶ 18; *CM/ECF Doc. No. 1-3*).

And, while the Plaintiff has made no specific factual allegations in her Complaint against Defendants Holloway and Bourne in their individual capacities, as outlined

4

below, Plaintiff's state law claims against Defendants Holloway and Bourne in their individual capacities are subject to dismissal by the Court.

### A. MISSISSIPPI TORT CLAIMS ACT

The Mississippi Tort Claims Act ("MTCA"), provides a general waiver of liability for political subdivisions "from claims for money damages arising out of the torts of such governmental entities and the torts of their employees **while acting within the course and scope of their employment.**…" Miss. Code Ann. § 11-46-5(1)(emphasis added). The Act provides "a rebuttable presumption that any act or omission of an employee within the time and place of his employment is within the course and scope of his employment." Miss. Code Ann. § 11-46-5(4). Nevertheless, the Act states that conduct which constitutes "fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations is not within the course and scope of an employee's employment." Miss. Code Ann. § 11-46-5(2). Significantly, Section 11-46-7 of the MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7. Thus, for any claim asserted against a governmental entity's employee that is governed by the MTCA, there can be no personal/individual lability for that employee.

In this case, all of Plaintiff's claims pertain to her discharge from employment with the school district and are clearly related to conduct within the course and scope of these Defendants' employment. Any state law claims against Holloway and/or Bourne must be dismissed pursuant to Section 11-46-5 of the MTCA.

5

Next, and more importantly, the MTCA bars claims against public employers stemming from "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof." Miss. Code Ann. § 11-46-9(1)(d). Mississippi Courts have long held that the hiring and supervision of employees is a "discretionary function" for the purposes of exemption under the MTCA. *See, e.g., A.B. ex rel. C.D. v. Stone County School Dist.*, 14 So.3d 794, 799 (Miss. Ct. App. 2009), citing *T.M. v. Noblitt*, 650 So.2d 1340, 1344 (Miss. 1995). The Plaintiff's claims against Defendants Holloway and Bourne are, therefore, barred by the MTCA as a matter of law.

## II. FEDERAL LAW CLAIMS

Other than naming these Defendants in their individual capacities, the Plaintiff has made no specific allegations against Holloway or Bourne in their individual capacities. Even if she had, the individual Defendants would be entitled to qualified immunity because there is no proof of a constitutional violation, and the moving Defendants' conduct was objectively reasonable.

### A. QUALIFIED IMMUNITY

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). "A qualified immunity defense alters the usual summary judgment burden of proof. Once an official pleads the defense, ... [t]he plaintiff bears the burden of negating the

6

qualified immunity, but all inferences are drawn in his favor." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir.2010).

In assessing a claim of qualified immunity, courts apply a two part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); see also *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Id.* at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202.

   1.  2014-2015 School Year

Plaintiff alleges that before being terminated or suspended she was entitled to notice of the charges against her and notice that she was entitled to a public hearing upon said charges. *Compl.* ¶ 5. Put simply, the Plaintiff alleges that she suffered a violation of her right to due process under the U.S. Constitution because she was terminated without notice and a public hearing.

   a.  **No Constitutional Violation**

To state a claim for a due process violation, a Plaintiff must establish a "recognized 'liberty or property' interest within the purview of the Fourteenth

Amendment, and that he was intentionally or recklessly deprived of that interest, even temporarily, under color of state law.'" *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990). The procedural component of the Due Process Clause makes certain that citizens receive fair process, *i.e.*, notice and an opportunity to respond, when deprived of a protected liberty interest. *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003). The substantive due process "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Marco Outdoor Adver., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 (5th Cir. 2007)(quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Substantive due process is violated by state conduct that "shocks the conscience." *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002). It is well settled that regardless of the "theory of liability that a plaintiff is pursuing," to state a viable substantive due process claim a "plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *Id.* at 325.

### i. Procedural Due Process.

Here, Plaintiff alleges that, pursuant to Miss. Code. Ann. § 37-9-59, she was entitled to notice and a hearing prior to termination. Section 37-9-59 deals, in part, with the suspension or removal of teachers. It states that "[f]or incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any licensed employee in any school district." Miss. Code Ann. § 37-9-59. Before doing so, however, the licensed employee "shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges." *Id.*

8

Here, however, both Holloway and Bourne have testified that the Plaintiff was not terminated pursuant to Miss. Code Ann. § 37-9-59. Both Holloway and Bourne testified that Plaintiff was terminated pursuant to Miss. Code Ann. 37-9-57. (*Holloway Dep*. 10:04-11:25; *Bourne Dep*. 21:11-21:22). Miss. Code Ann. § 37-9-57 provides that:

> If any appointed superintendent, principal or licensed employee in any public school of this state shall arbitrarily or willfully breach his or her contract and abandon his or her employment without being released therefrom as provided in Section 37-9-55, the contract of such superintendent, principal or licensed employee shall be null and void.

Miss. Code Ann. § 37-9-57. Dr. Holloway testified that it was his position that under this statute "there is no hearing." (*Holloway Dep*. 10:14 – 10:16). Likewise, it was the understanding of Bourne that no such hearing was afforded under the statute. (*Bourne Dep*. 29:02 – 29:16).

Had the Plaintiff had been fired for incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil, she could possibly clear the first prong of the qualified immunity analysis and demonstrate that she was denied due process; however, this is not the case. When questioned about why the "abandonment" statute would apply in this case, Dr. Holloway testified, "in this situation the person left sometime in April, did not work anymore for the rest of the year, did not contact the school district, contacted the school district sometime in early May that she would not be back at the end of the year. She was not being paid because she was – she was at that time on leave without pay. She never came back, and I believe that's abandonment." (*Holloway Dep*. 12:07 – 12:19).

9

Mr. Bourne gave similar testimony when asked about defining "abandonment." Bourne testified "[j]ob abandonment defined in this particular instance as exhausting all of your leave, that is personal illness, that is personal business, that is loss of sub pay, that is not being approved FMLA, that is not having lesson plans, that is not having guidance for a sub, that is - - that is having no kind of direction for that classroom, period. Nothing. No making of tests. No guidance whatsoever for that." (*Bourne Dep.* 21:14 – 21:22).

Both Holloway and Bourne have testified that Plaintiff was terminated pursuant to the "abandonment" statute found at Miss. Code Ann. § 37-9-57, and unlike Miss. Code Ann. § 37-9-59, that statute does not provide any procedural safeguards prior to termination of the employee; to the contrary, if an employee abandons their job their employment contract becomes null and void pursuant to the statute. Miss. Code Ann. § 37-9-57. Accordingly, Plaintiff has failed to allege a constitutional violation.

It is also worth noting that even if this were not the case, any procedural due process claim is barred by the *Parratt/Hudson* doctrine. That doctrine stands for the proposition that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct. *Al-Ra'Id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). Plaintiff's claim for a procedural due process violation based upon her termination without notice clearly falls within the *Parratt/Hudson* doctrine. That is to say, Plaintiff had an adequate post-

deprivation remedy in the form of a suit for breach of her employment contract - which she in fact did bring in this case. (See, *Compl*. ¶ 16).

### ii. Substantive Due Process.

To the extent that the Plaintiff contends her termination amounts to a substantive due process violation, this claim likewise fails. The Fifth Circuit has explained that "to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002).

Here, there is no evidence of wrongdoing that would amount to culpability beyond mere negligence, nor is there evidence of any conduct by these Defendants that "shocks the conscience."

### b. Conduct was objectively reasonable

Even if Plaintiff had demonstrated a constitutional violation, it is not at all clear whether such a constitutional right was clearly established at the time of the alleged conduct by Holloway and Bourne. *Pearson*, 555 U.S. at 232. "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id*. at 244 (internal quotations omitted). It is vital to note that the right that the "official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Plaintiff should seek to identify "cases of controlling authority in [the] jurisdiction at the time of the incident which clearly establish the rule on which they seek to rely," or "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 918–19 (5th Cir.2000). An official's conduct is therefore objectively reasonable unless "all reasonable officials would have realized the particular challenged conduct violated the constitutional provisions sued on." *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003).

Here, there is no authority which indicates that a school official who believes a teacher has abandoned her job and, as such, applies Section 37-9-57 which does not require notice and a hearing, would be acting unreasonably. It certainly cannot be said that "all reasonable officials" would have realized terminating Plaintiff under Section 37-9-57 would violated Plaintiff's right to due process. Accordingly, Holloway and Bourne are entitled to qualified immunity relating to Plaintiff's claim that she was entitled to notice and a hearing prior to being terminated for job abandonment.

**2.      2015-2016 School Year**

Plaintiff alleges that "the District never tendered a renewal contract to Plaintiff and refused Plaintiff's numerous requests to tender said contract for execution." (*Compl.* ¶ 8). Additionally, Plaintiff alleges that since she was got given notice of non-renewal prior to April 15, 2015, her contract with the school district was automatically

12

renewed for the next school year. (*Compl.* ¶ 4). This is incorrect, and in any event Holloway and Bourne are entitled to qualified immunity as to this claim.

In his deposition, Dr. Holloway was questioned about a document entitled "Reappointment of Certified, Non-Administrative Staff." Dr. Holloway testified that the document did in fact illustrate that both he and Mr. Bourne had recommended to the school board that the Plaintiff be given a contract for rehire for the 2015-2016 school year. (*Holloway Dep.* 37:08-38:15).

The Plaintiff was aware that she had been renewed by the school board for the 2015-2016 school year based upon the recommendation of Dr. Holloway and Mr. Bourne. (*Pl. Dep.* 42:17-22). It is therefore unclear what constitutional right Dr. Holloway and Mr. Bourne violated in recommending to the school board that the Plaintiff be given a contract for rehire for the 2015-2016 school year. This claim fails from the outset.

### 3. FMLA

The FMLA provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter" of the FMLA. 29 U.S.C. § 2615. To establish a prima facie case of interference, a plaintiff must show that (1) she was an eligible employee, (2) the defendant was an employer subject to the FMLA's requirements, (3) she was entitled to leave, (4) she gave proper notice of his intention to take FMLA leave, (5) the defendant interfered with the benefits to which he was entitled under the FMLA, and (6) she was prejudiced as a result. *McCollum v. Puckett Mach. Co.*, --- Fed.Appx. ---, 2015 WL

5817650, at *4 (5th Cir. 2015) (per curiam) (citing *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 Fed.Appx. 312,316 (5th Cir.2013) (per curiam)). Here, the key threshold issue is the third element—whether Plaintiff was entitled to leave.

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

"To establish eligibility for FMLA leave, [a] [p]laintiff must adduce evidence showing that she suffered a serious health condition that made her unable to perform the functions of her job." *Schimek v. MCI, Inc.*, No. 3:05–CV–0045–P, 2006 WL 2252034, *11 (N.D.Tex. Aug. 7, 2006) (citing *Mauder v. Metro. Transit Auth. of Harris Cty., Tex.*, 446 F.3d 574, 579 (5th Cir.2006); 29 U.S.C. § 2612(a)(1)(D) (2002)). The FMLA provides that an employer may require that a FMLA leave request be supported by a certification form issued by a health care provider or an employee's treating physician. See *Hurt v. Ecolab, Inc.*, No. 3:05–CV–1508–BD, 2006 WL 1409520, at *4 (N.D.Tex. May 23, 2006) (citing 29 U.S.C. § 2613(a)). "The failure to provide an appropriate medical certification or recertification is fatal to a claim under the FMLA" in such cases. *Hurt*, 2006 WL 1409520, at *4 (citing 29 C.F.R. § 825.311) (other citations omitted).

Plaintiff has not provided any clear evidence of what the underlying condition was she was claiming was a serious medical condition. Even if she had pinpointed an underlying condition, there is no evidence as to what job functions the Plaintiff was unable to perform. When asked what job functions Plaintiff's doctor told her she could

14

not perform due to "tremors," the Plaintiff testified "[s]he didn't give specifics." (*Pl. Depo*. 32:21 – 32:24). The Plaintiff added, "[a]s far as saying you can't do this, that and the other, it's you can't go to work, period." (*Pl. Depo*. 33:01 – 33:06). Plaintiff continued, "I can't speculate but there were no specifics given by her, as far as saying you can do this, you can't do that." (*Pl. Depo*. 33:01 – 33:06).

Here, Plaintiff's claim fails from the outset since if "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001).

## CONCLUSION

For all of the reasons stated hereinabove, as well as those in their Motion for Summary Judgment, Dr. Lewis Holloway and Timothy Bourne are entitled to summary judgement as a matter of law.

**Date: MAY 10, 2016.**

    Respectfully submitted,

    **DR. LEWIS HOLLOWAY and**
    **TIMOTHY BOURNE**

    BY:    /s/ J. Chadwick Williams
            One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
J. CHADWICK WILLIAMS (MSB # 102158)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
cwilliams@aabalegal.com

**CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland and Allen, attorney of record for Dr. Lewis Holloway and Timothy Bourne, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notice of the same to:

>Robert M. Logan, Esq.
>Mitchell Dee Thomas, Esq.
>LOGAN & MAYO, P.A.
>P.O. Box 218
>Newton, MS 39345
>rlogan@newtonmslaw.com
>mthomas@newtonmslaw.com

This the 10th day of May, 2016.

/s/J. Chadwick Williams
OF COUNSEL