**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**ANGELA McMULLEN**                                                    **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:15-cv-196-SA-DAS**

**STARKVILLE OKTIBBEHA CONSOLIDATED
SCHOOL DISTRICT, DR. LEWIS HOLLOWAY,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, AND TIMOTHY BOURNE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES**                        **DEFENDANTS**

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT [31]

COMES NOW, Plaintiff, Angela McMullen, by and through here attorneys, and submits

her Memorndum in Support of Plaintiff's Response to Defendants' Motion for Summary

Judgment[31] and would show unto the Court in support thereof the following facts and matters,

to wit:

**INTRODUCTION**

Defendants Timothy Bourne and Lewis Holloway are not entitled to qualified immunity

in this case and their Motion for Summary Judgment should be denied.  The Defendants

terminated Plaintiff Angela McMullen without notice or hearing in violation of long established

federal and state law protecting procedural due process rights.  Moreover, the Defendants arrived

at their decision capriciously and arbitrarily, thus violating Plaintiff's substantive due process

rights.

This is a routine case where a school teacher was out of work because of illness and she

informed her superiors, Defendant Bourne and his staff, on multiple occasions. (Ex. E; Ex. G).

Plaintiff even applied for FMLA leave. (Ex. J).  However, the Defendants falsely represent to

this Court that the Plaintiff "did not contact the school district" and told the district that she "did not intend to return to work". Dep. Timothy Bourne, 18: 18-20, Apr. 8, 2016.; Holloway Dep. 34: 6-8.

Defendants met with Plaintiff and gave her a letter of termination on May 21, 2015, without providing her with notice of the charges against her and the right to a hearing to defend herself. (Ex. I). On the very next day, May 22, 2015, the school board voted to approve the termination. (Ex. L).

Defendants base their entire argument on a the dubious proposition that Mississippi Code Annotated § 37-9-57 allows a principal and superintendent to terminate a licensed employee's contract without providing notice and a right to a hearing when they determine that she has breached and abandoned her contract. Defs.' Mot. Summ. J., ¶ 13., May 10, 2016, ECF No. 1:15-cv-00196. Such a perilous proposition would render the entirety of Miss. Code Ann. Title 37 Chapter 9, as well as the entire body of federal law on procedural due process, inapplicable and impotent.

Defendant Holloway himself asserts, "there is no due process. . ." under Miss. Code Ann. § 37-9-57. Dep. Lewis Holloway, 10: 6-18, Apr. 8, 2016. Despite Holloway's assertion, Plaintiff had a clearly established due process right to continued employment with the District because she was not given notice of nonrenewal pursuant to the statute. Miss. Code Ann. § 37-9-105. (Ex. B) (Bourne Resp. Req. Admis. No. 11). Therefore, her contract was automatically renewed for the next year. Her due process rights of continued employment were violated on May 21, 2015 when Defendants Bourne and Holloway terminated Plaintiff without notice and the right to a hearing. (Ex. I). It was clear to Defendants Bourne and Holloway at the time, as it

would have been clear to any reasonable official, that terminating Plaintiff without notice and a right to a hearing was a violation of her procedural due process and unlawful.

Defendants attempt to create their own law by interpreting Miss. Code Ann. § 37-9-57 as authorization for making the arbitrary decision to terminate the Plaintiff. Based on this perceived power, Defendants Bourne and Holloway summarily and capriciously determined that Plaintiff breached her contract, abandoned her employment, and that they could terminate her without any regard to her contractual or due process rights protected under state and federal law. Plaintiff has suffered a violation of her constitutional right to her property interests because Defendants Bourne and Holloway terminated her and recommended her termination without providing her with notice and an opportunity to be heard.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To deny a summary judgment motion based on qualified immunity, a district court must determine both (1) that certain conduct "violate[d] clearly established statutory rights of which a reasonable person would have known," *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and (2) that a genuine issue of fact exists regarding whether the defendant engaged in such conduct. *See Kinney v. Weaver,* 301 F.3d 253, 261 (5th Cir.2002). And see *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 561 (5th Cir. 2003)

## STATEMENT OF FACTS

Plaintiff was employed under a contract of employment with the Starkville School District for the 2014-2015 school year. (Ex. A). Plaintiff did not receive a notice of non-renewal of her contract. (Ex. B). Subsequently, Plaintiff was recommended for rehire by Defendants Bourne and Holloway. Holloway Dep. 37:08-38:15. *See also* (Ex. H). Pursuant to Mississippi law, because Plaintiff did not receive a notice of nonrenewal by April 15, 2015, her contract was automatically renewed for the next year. Miss. Code Ann. § 37-9-105. Notice of nonrenewal must be given on or before April 15 of the employment is automatically renewed for one year at the previous year's rate. *Id.* *See, e.g., Gardner v. Coffeville School Dist.*, 982 F. Supp. 1221 (N.D. Miss. 1997); *Jackson v. Board of Education of Oktibbeha County*, 349 So. 2d 550, 553 (Miss. 1997).

Anticipating an extended leave, Plaintiff requested Family and Medical Leave Act (FMLA) paperwork multiple times throughout the year, including: February 9, 2015, February 11, 2015, and April 7, 2015. (Ex. C). On February 13, 2015, Elsie Hopkins, Human Resources Officer for the District, replied to Plaintiff and stated the FMLA paperwork "would be issued to you from AMS *once you are out for four consecutive days*. . . ." (Ex. D) (emphasis added).

On April 23, 2015, Defendant Bourne conveyed a different message to Plaintiff stating, "if this extended absence does meet the requirement for FMLA, then your paperwork should have been turned in *prior* to your absence or the day of your first day out. . . . As of today, your FMLA paper work [sic] has not been turned in therefore you will have to bring in a doctors [sic] excuse for the days that you have been out per board policy. . ." (Ex. F). On May 5, 2015, Plaintiff responded to Defendant Bourne stating that she "requested FMLA paperwork

throughout the school year several times before I got to the point where I had to be out for an extended period of time, and was given reasons why I could not receive the paperwork at that point. . . . A doctors excuse has already been faxed in advance of the FMLA paperwork being completed by a doctor." (Ex. F).

On May 21, 2015, Defendants Bourne and Holloway met with Plaintiff and terminated her employment with giving her notice and a right to a hearing. (Ex. I). McMullen Dep. 64:7-70:4. Defendant Bourne admits that Plaintiff was not given written notice that she was entitled to a hearing on the charges against her prior to her termination. (Ex. B). Defendant Bourne admits that doctor's excuses had been faxed to the district and that he was aware of the same on May 5, 2015. Bourne Dep. 13:5-9; (Ex. E). Defendant Bourne testified that Kelly Smith acted as his personal secretary (Bourne Dep. 13:23-14:2) and that if Plaintiff communicated with Kelly Smith that information would typically be relayed to Defendant Bourne. Bourne Dep. 24:10-20.

Defendant Bourne testified falsely that Plaintiff communicated to a staff member, Kierra Madison that she was not going to return to work. Bourne Dep. 18:21-25. However, Bourne admits that Plaintiff's actual statement to Kierra Madison was, "I may return before the end of the school year but I am uncertain at this point. If anything changes, I will notify you ASAP." Bourne Dep. 20:4-10, 13-17.

Defendant Holloway also gives conflicting testimony on Plaintiff's communications with the district. Holloway falsely testified regarding Plaintiff's conduct when he said, "in this situation the person left sometime in April, did not work anymore for the rest of the year, *did not contact the school district*, contacted the school district in May that she *would not be back at the end of the year*." Holloway Dep. 12:07-12:19 (emphasis added). In reality, Plaintiff contacted

district employee Kierra Madison and Defendant Bourne on May 15, 2015, where she advised, "I was not cleared by the doctor to return to work as of today. Please acquire a sub for me for the remainder of the school year. *It is possible that I may return to work before the end of the year*, but I am uncertain of this at this point. If anything changes I will notify you ASAP." (Ex. G) (emphasis added). Plaintiff did not say she would not be back at the end of the year, but rather, indicated that she *may* return.

Contrary to Defendant Holloway's testimony, and in view of Plaintiff's multiple emails, she was in regular communication with the District and with Defendant Bourne regarding her status. (Ex. E). Plaintiff was in regular contact with the District and Defendant Bourne as she contacted district Employees Kelly Smith and Elsie Hopkins on May 6, 2015, and May 11, 2015, requesting that her contract be sent to her because she had not returned to work "due to doctors orders[sic]." (Ex. E).

Defendant Holloway's testimony on Mississippi law is also conflicting here. He testified "there is no due process right" in Miss. Code Ann. § 37-9-57. Holloway Dep. 10:18. Furthermore, Holloway admits he *intentionally* did not provide notice to Plaintiff of her right to a hearing. Holloway Dep. 32:21-22. Moreover, the Defendant testified that he was aware that an employee is entitled to notice of dismissal and a hearing under Miss. Code Ann. § 37-9-59. Holloway Dep. 11:3-14 ("You would give the person a letter that they are going to be dismissed, and you would set up a hearing under that statute. . . ."). Defendant Holloway testified that the procedure afforded to an employee under Miss. Code Ann. § 37-9-59 did not apply to a situation of "job abandonment" or when an employee "breached his or her contract and abandon[ed] his or her employment." Holloway Dep. 10:6-16. While Holloway said that he did not know why an employee was not entitled to due process in an "abandonment situation" (*Id.* at 12:1), he also

said that it was *his* decision to determine whether to follow Miss. Code Ann. §§ 37-9-57 or 37-9-59. Holloway Dep. 12:10; 20-25 (emphasis added). Defendant Holloway testified that he considers an employee to have abandoned her job, "when she doesn't return *and she notifies us that she doesn't intend to return for the rest of the year*." Holloway Dep. 33:17-22 (emphasis added). However, Plaintiff clearly and continuously indicated her intent to return. (Ex. G).

Although Holloway claimed that Plaintiff had "no due process right," he was intimately familiar the concept under federal law. Holloway Dep. 10:18. In fact, he himself has filed suit against a school district alleging procedural due process violations. *See Holloway v. Reeves*, 277 F. 3d 1035 (8th Cir. 2002). In *Holloway v. Reeves*, Dr. Lewis Holloway (who is one and the same as the Defendant in the instant action) filed suit against the Bentonville, Arkansas school board for firing him from his position as superintendent *without notice and a hearing*. *Id*. at 1037. He even alleged in his complaint that the Board, "deprived him of his right to due process because he was fired without notice or hearing, in violation of 42 U.S.C. § 1983." *Id*.

When addressing Defendant Holloway's claim, the 8th Circuit reasoned, "[p]ublic employees are entitled to procedural due process when they are fired from positions in which they have a legitimate expectation of continued employment, that is, when the employee's entitlement to the job is sufficiently certain so as to amount to a constitutionally protected property interest." *Id*. at 1038. The court further discussed federal due process rights with regard to school teachers, "Unlike the transfer in *Winegar*, Mr. Holloway's removal from his assignment did not create any stigma nor render him unemployable. He was not a *classroom teacher* but a school superintendent . . . ." *Id*. at 1039. Defendant Holloway knew first hand that Plaintiff had federally protected due process rights and that he was violating them by denying her notice and a hearing.

Defendant Holloway admits that he knew Plaintiff was sick. Holloway Dep. 25:6-11. Defendant Holloway admits that he willfully ignored his duty to ensure that FMLA procedures were followed correctly. Holloway Dep. 23:08-20 ("In this incident, we also had an HR person, Elsie Hopkins, involved, who, I think, is the person that denied the FMLA. I really wasn't involved in that. . . . I had nothing to do with that.) Additionally, he admitted it was his responsibility to make sure that FMLA request and approvals were done properly. Holloway Dep. 26:23-27:1. He also admits that he never met with Plaintiff prior to her termination to discuss her FMLA leave. *Id*. at 27:2-5.

Plaintiff's right to notice and a hearing prior to her termination was clearly established at the time of her wrongful termination. *Cleveland Bd. Of Educ. V. Loudermill*, 470 U.S. 532, 542(holding that "an essential principle of due process is that a deprivation of life, liberty or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'").

As shown by the evidence set forth above, and in the Memorandum in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment, the evidence shows that: 1) Plaintiff has suffered a constitutional violation where Defendants Bourne and Holloway deprived her of her property and interest in her contract of employment without due process; 2) Plaintiff's procedural due process rights were clearly established at the time of her wrongful termination; and 3) any reasonable official in Defendants' position would have realized that his conduct was unlawful and violative of Plaintiff's due process rights. Accordingly, Defendants Holloway and Bourne are not entitled to qualified immunity as to Plaintiff's § 1983 claims and their Motion for Summary Judgment should be denied.

## <u>ARGUMENT</u>

**I.      Plaintiff's procedural due process rights were violated when Defendants Bourne and Holloway terminated her without notice and a hearing.**

Defendants Bourne and Holloway terminated Plaintiff without notice and a hearing and deprived her of her property interest in her continued employment with the Starkville School District without procedural due process.  The United States Constitution provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV. The United States Code Annotated § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983.  An employee cannot be deprived of her property interest in continued employment without due process. *Cleveland Bd. Of Educ.*, 470 U.S. at 538.  Defendants even cite to this well established rule of law in their memorandum, "The procedural component of the Due Process Clause makes certain that citizens receive fair process, *i.e., notice and an opportunity to respond*, when deprived of a protected liberty interest."  Defs.' Mem. Mot. Summ. J., ¶ 13., May 10, 2016, ECF No. 1:15-cv-00196 (emphasis added).

Mississippi law recognizes that a school teacher has a valuable right in her contract of employment, and the legislature undertook to make school teachers reasonably secure in their jobs, subject to removal only for serious causes. *Madison County Bd. of Ed. v. Miles*, 173 So. 2d

425, 427 (Miss. 1965). Miss. Code Ann. § 37-9-59 sets forth the allowable causes and the procedures for removing or suspending a teacher:

> For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any licensed employee in any school district. Before being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges. . . . The school board, upon a request for a hearing by the person so suspended or removed shall set a date, time and place for such hearing which shall be not sooner than five (5) days nor later than thirty (30) days from the date of the request. The procedure for such hearing shall be as prescribed for hearings before the board or hearing officer in Section 37-9-111. From the decision made at said hearing, any licensed employee shall be allowed an appeal to the chancery court in the same manner as appeals are authorized in Section 37-9-113. Any party aggrieved by action of the chancery court may appeal to the Mississippi Supreme Court as provided by law. In the event that a licensed employee is immediately relieved of duties pending a hearing, as provided in this section, said employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, in the event that there is a request for such a hearing by the employee. In the event that an employee does not request a hearing within five (5) calendar days of the date of the notice of discharge or suspension, it shall constitute a waiver of all rights by said employee and such discharge or suspension shall be effective on the date set out in the notice to the employee.

Miss. Code Ann. § 37-9-59 (1972) as amended. The statute encompasses *any and all* reasons justifying the termination of a school teacher where, in addition to those enumerated reasons, it adds the catch-all provision, "or other good cause. . . .". *Id*. It authorizes the superintendent to dismiss a teacher only *after* affording certain rights to the teacher, namely, the teacher be notified of the charges against her and notified of her right to request a public hearing on said charges. *Id*.

The legislature did not stop there, but required that the teacher be allowed a hearing before the board no later than thirty days after such a request, and granted the aggrieved teacher the right to appeal to the chancery court and subsequently to the Mississippi Supreme Court. *Id*. Furthermore, the legislature provided that an employee immediately relieved of her duties is

entitled to compensation up to the date the initial hearing is set by the school board. *Id*. The rights afforded to Plaintiff by state law are substantial; however, Defendants Bourne and Holloway willfully chose to circumvent the notice and procedure requirements under the statute so as to deprive Plaintiff of her rights, where they terminated her without notice and a hearing on May 21, 2016. (Ex. I). *See also* Holloway Dep. 10: 18.

Defendants Bourne and Holloway wrongfully attempt to justify their conduct with Miss. Code Ann. § 37-9-57, and in doing so, they remove it entirely from its context by severing it from Miss. Code Ann. § 37-9-55. In their brief, they further obfuscate this context by omitting a key portion of the statute:

> If any appointed superintendent, principal or licensed employee in any public school of this state shall arbitrarily or willfully breach his or her contract and abandon his or her employment without being released therefrom as provided in Section 37-9-55, the contract of such superintendent, principal or licensed employee shall be null and void. *In addition thereto the license of such superintendent, principal or licensed employee may be suspended by the State Board of Education for a period of one (1) school year as provided in Section 37-3-2(8) upon written recommendation of the majority of the members of the school board of the school district involved.*

Miss. Code Ann. § 37-9-57 (emphasis added to text omitted in Defendants' briefing). This statute refers to Miss. Code Ann. § 37-9-55 which provides:

> Any appointed superintendent, principal or licensed employee in any public school who is under contract to teach or perform other duties and who *desires* to be released from such contract shall make application in writing to the school board of the school district for release therefrom, in which application the reasons for such release shall be clearly stated. If the board acts favorably upon such application for release, such superintendent, principal or licensed employee shall be released from his contract, and said contract shall be null and void on the date specified in the school board's order.

Miss. Code Ann. § 37-9-55 (1972) as amended (emphasis added). Reading Miss. Code Ann. §§ 37-9-55 and 37-9-57 together, it is clear that a teacher who *desires* to be released from her

contract shall make application to the school board for release therefrom, and upon review of said application by the school board, if approved, the contract shall be null and void on the date specified *in the school board's order*. Miss. Code Ann. § 37-9-55.

The purpose of this statute is to accommodate teachers who seek employment outside the district with whom they are contracted. Miss. Code Ann. § 37-9-57 provides a punitive measure for teachers who leave their employment with the district without going through the application process set forth in Miss. Code Ann. § 37-9-55, in that it allows *the school board* to nullify and void a teachers' contract where it is *arbitrarily* and *willfully* breached and abandoned, and it allows *the school board* to recommend suspension of said teachers license to the Department of Education. *Id.* Plaintiff never abandoned her employment, and she certainly did not willfully abandon her employment where she continually communicated with Defendant Bourne and his staff to notify them regarding her status. *See, e.g.,* Ex. G; Ex. E, Ex. F.

Nothing in the statute that Defendants rely on grants authority to terminate or remove a teacher from her employment, and nothing in the statute gives a principle or superintendent authority to make decisions regarding the status of a teacher's contract. *See* 2009 WL 3332568, at *2 (Miss. A.G. Sept. 25, 2009) (providing that the county school board, and not the superintendent, accepts and rules on the applications; that § 37-7-301 prohibits adopting a policy to assign such duties to the superintendent; and therefore, a superintendent may not accept resignations of contracted employees.). If a superintendent cannot even accept the resignation of a licensed employee, then a superintendent and a principal cannot unilaterally determine that an employee has abandoned and breached her contract.

Nothing in Miss. Code Ann. § 37-9-55 and 37-9-57 addresses the termination or removal of a teacher from her employment. The only purpose for those two statutes is to address the contracts of teachers who *willfully* choose to leave their employment with the district. *Id*. To the contrary, Defendant Holloway claims he terminated Plaintiff because she "left sometime in April, did not work anymore for the rest of the year, did not contact the school district, contacted the school district sometime in early May that she would not be back at the end of the year. . ." Holloway Dep. 12:07-19. Defendant Bourne stated that Plaintiff had abandoned her job and was thus terminable under Miss. Code Ann. § 37-9-57 because he believed "job abandonment" to be defined as "exhausting all of your leave. . . . that is not being approved by FMLA, that is not having lesson plans, that is not having guidance for a sub, that is having no kind of direction for the classroom period. . . ." Bourne Dep. 21:14-21:22. Simply stated, Defendants terminated Plaintiff because she had missed too many days.

However, state law provides that an employee may be terminated for missing too many days where it sets out the reasons "neglect of duty . . . or other good cause." Miss. Code Ann. 37-9-59. The grounds alleged by Defendants Holloway and Bourne for termination of Plaintiff clearly and inarguably fell under Miss. Code Ann. § 37-9-59, in which case the district was required to afford her significant due process rights; however, Defendants Bourne and Holloway arbitrarily determined they could strip Plaintiff of her right to a hearing, her right of an appeal to the chancery court, and of an appeal to the Supreme Court, by simply claiming she "abandoned" her job. The plain language of the statues makes clear that, "before being so dismissed or suspended any licensed employee *shall* be notified of the charges against him and he *shall* be advised that he is entitled to a public hearing upon said charges." *Id*.

The statute makes no exception that allows a principal or superintendent to claim "job abandonment" to circumvent its requirements. *Id*. Defendants Bourne and Holloway knew what the law required, but disregarded it because they viewed Plaintiff as a burden they hoped to quickly dispense with. Now, they come before this Court and plead willful ignorance of the law, which in no way entitles them to qualified immunity.

Even if the statute, ostensibly relied on by Defendants, allowed termination of a licensed employee without notice or a hearing based solely upon the opinion of a principal or superintendent, then it would be patently unconstitutional. Notably, there are no reported cases where a district relied on Miss. Code Ann. § 37-9-57 to terminate an employee. Indeed, Defendants themselves do not even cite to a single case where Miss. Code Ann. § 37-9-57 was used to terminate an employee. The reason no reported cases are found and that Defendants cite to no cases supporting their proposition is that Miss. Code Ann. § 37-9-57 was not intended by the legislature to be used to terminate employees and reasonable officials do not use it to terminate employees. This fact serves as evidence that "all reasonable officials" would have realized that terminating Plaintiff without notice and an opportunity to be heard violated her constitutional rights in her contract.

**A.  Plaintiff had a property interest in her continued employment with the District.**

Plaintiff had a property interest in her continued employment with the Starkville School District because she had a valid contract of employment for the 2014-2015 school year.  (Ex. A). Mississippi law requires a school district to give notice of nonrenewal to a teacher on or before April 15. Miss. Code Ann. § 37-9-105(b).  If notice is not given, the teacher's contract is automatically renewed for the following year. *Gardner*, 982 F. Supp. at 1221 (citing *Jackson* 349

So. 2d at 553 "We are of the further opinion that the failure of the school board to abide by the mandatory dictates of the statute and to afford the appellant notice that he would not be reemployed resulted in an automatic renewal of his outstanding contract for the ensuing year, including compensation specified therein, although the statute does not specifically so provide. Unless that were true, the Public School Fair Dismissal Act would have no meaning and school officials could ignore it with impunity. . . .").  Defendants deny this statement of law in their briefing, yet they cite to no authority in support of their denial. Defs.' Mem. Mot. Summ. J., ¶ 13., May 10, 2016, ECF No. 1:15-cv-00196 ("this is simply not true"). Plaintiff's property right in her contract therefore extended through the end of the 2015-2016 school year.  (Ex. A).

**B.  Plaintiff's property interest was violated without the procedural due process**.

Plaintiff's property interest in her continued employment was violated without due process guaranteed by the Constitution. U.S. Const. amend. XIV.   Defendant Bourne admits that Plaintiff was not given written notice that she was entitled to a hearing on the charges against her prior to her termination. (Ex. B No. 4).  Defendant Holloway also admits that Plaintiff was not given written notice that she was entitled to a hearing on the charges against her prior to termination.  (Ex. K No. 11).  Defendants Bourne and Holloway admit that they conspired with one another and made the decision to not give Plaintiff a hearing on the matter. Bourne Dep. 36: 03-16.  Plaintiff was entitled to notice of the charges against her and an opportunity to respond at a hearing of the matter prior to being terminated. *Cantrell v. Vickers*, 495 F. Supp. 195, 200 (N.D. Miss. 1980). *See also Finch v. Fort Bend Indep. Sch. Dist.*, 333 F. 3d 555, 562 (5th Cir. 2003)(holding that notice and opportunity to be hear are "essential elements" of the procedural component of the Due Process Clause).

The Supreme Court has held that "an essential principle of due process is that a deprivation of life, liberty or property be preceded by notice and an opportunity to be heard." *Cleveland Bd. of Educ.*, 470 U.S. at 542. The principle requires a hearing prior to the discharge of an employee who has a constitutionally protected property interest in her employment, and the principle was considered well settled by the United States Supreme Court even over thirty years ago. *Id*. ("As we pointed out last term, this rule has been settled for some time now.")

In *Cantrell*, the Court held that the removal of a licensed teacher without prior notice and a right to a hearing violated the due process provision of the Fourteenth Amendment to the Constitution of the United States. 495 F. Supp. 195 at 200. In *Cantrell*, the superintendent placed the teacher on a plan of improvement which allowed the superintendent almost "unbridled authority" to terminate the employment of the teacher. *Id*. at 199. After the teacher refused to sign such an unconstitutional agreement, she was immediately terminated without prior notice and a pre-termination hearing. *Id*. at 200.

The Court found the plan of improvement itself to be unconstitutional and held the teacher's termination without prior notice and a right to a hearing was a violation of her due process. *Id.* The Court then found that the teacher had a contract for the school year and enjoined the school district to give full faith and credit to the teacher's contract and enjoined the district form taking any action against her which arose from the original removal circumstances. *Id*. at 200-201.

Like the teacher in *Cantrell*, Plaintiff had a property interest in her continued employment under her contract for the 2015-2016 school year because the district failed to give her notice of non-renewal and Defendants Bourne and Holloway recommended that Plaintiff be

rehired. Holloway Dep. 37:08-38:15; (Ex. H). Like the superintendent in *Cantrell*, Defendants Bourne and Holloway relied on a patently unconstitutional interpretation of Miss. Code Ann. § 37-9-57 which they claim afforded Plaintiff "no due process rights." Holloway Dep. 10: 18. Like the circumstances in *Cantrell*, when Bourne and Holloway terminated and recommended the termination of Plaintiff without giving her prior notice and the right to a hearing, they deprived her of her rights in her continued employment with the Starkville School District without the due process guaranteed to her by the Fourteenth Amendment to the United States Constitution. Because Plaintiff suffered a violation of a clearly established constitutional right, and any reasonable official would have known that terminating Plaintiff without notice and a hearing would have violated her federal due process rights, Defendants Bourne and Holloway are not entitled to qualified immunity with regard to Plaintiff's § 1983 claims. Therefore, their Motion for Summary Judgment should be denied.

### C. The Parratt/Hudson Doctrine does not apply in this case.

The Parratt/Hudson Doctrine does not apply because the Defendants acted under color of state law, they contend they acted under an established state procedure, their actions were not random and unauthorized, and because Defendants' actions deprived Plaintiff of her post-deprivation remedies as well as her pre-deprivation remedies.

The Parratt/Hudson doctrine provides that a "random, unauthorized deprivation of a property interest does not violate due process if the state furnishes an adequate post-deprivation remedy." *Caine v. Hardy*, 943 F. 2d 1406, 1412 (5th Cir. 1991). However, Parratt/Hudson does not apply here because Plaintiff was deprived of her pre-deprivation remedies--the right to a hearing on her termination--and her post-deprivation remedies, namely the right to appeal that hearing and termination to the chancery court and the Supreme Court of the State of Mississippi. Miss. Code Ann. § 37-9-59. The *Parratt* Court emphasized that it was dealing with a "tortious loss of . . .property as a result of a random and unauthorized act by a state employee. . .not a result of some established state procedure." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-436 (U.S. 1982). The *Parratt/Hudson* doctrine is inapplicable, however, where it is the "established state procedure" that destroys plaintiff's entitlement without according her proper procedural safeguards. *Id.* Defendants Bourne and Holloway both contend their actions were justified under Miss. Code Ann. § 37-9-57, that they met and discussed the applicability of Miss. Code Ann. § 37-9-57 and decided it afforded no due process (Bourne Dep. 25: 18-22), and their decision was ultimately approved by the school board. (Ex. L). Accordingly, their actions do not constitute a "random, unauthorized deprivation" of a property interest within the meaning of *Parratt/Hudson* and its progeny, but rather, their actions constituted a willful

and calculated deprivation of Plaintiff's pre-deprivation and post-deprivation rights under color of state law.

With regard to the remedy of a suit for breach of contract, Plaintiff's contract was with the Starkville School District and not with either Defendant Bourne or Holloway, therefore, her action for breach of contract will not redress the constitutional violation suffered on her by Bourne and Holloway. Furthermore, an action for money damages is not an adequate remedy because it is not a review of a termination decision. *See Carter v. Harris*, 64 F. Supp. 2d 1182, 1190 (M.D. Ala. 1999). As set forth by the United States Supreme Court when discussing the application of the *Parratt/Hudson* doctrine, "seeking redress through a tort suit is apt to be a lengthy and speculative process, which in a situation such as this one will never make the complainant entirely whole. . . ." *Logan*, 455 U.S. at 422. The *Parratt/Hudson* doctrine is clearly inapplicable to the case at bar.

## I.  Defendants Bourne and Holloway violated Plaintiff's substantive due process rights when they arbitrarily terminated her employment.

Public officials violate substantive due process rights if they act arbitrarily or capriciously. Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 562-63 (5th Cir. 2003)(citing to: *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 149 (5th Cir.1991)) and (*Fowler v. Smith,* 68 F.3d 124, 128 (5th Cir.1995)). Bourne and Holloway arbitrarily and capriciously decided that Plaintiff had "abandoned" and "breached" her contract and they arbitrarily and capriciously terminated Plaintiff on May 21, 2015 without providing her with notice and a hearing. Accordingly, they violated her substantive due process rights, and their Motion for Summary Judgment should be denied.

<u>CONCLUSION</u>

Plaintiff was out sick pursuant to her doctor's orders beginning on or about April 18, 2015. (Ex. G). She was in regular communication with Defendant Bourne and his staff regarding her status, her need for substitute teachers, and her FMLA leave application. (Ex. C; Ex. E; Ex. F). Plaintiff even contacted Defendant Bourne on May 15, 2016 and notified him that she needed a substitute and that she may be able to return before the end of the year. (Ex. G). Defendants Bourne and Holloway met and consulted with one another and determined that they would not give Plaintiff the statutorily required notice and right to a hearing, but rather, that they would terminate her without any due process. Bourne Dep. 25: 17-22. On May 21, 2015, Defendants Bourne and Holloway met with Plaintiff and advised her that she was terminated, and gave her a letter, signed by Defendant Bourne telling her she was to consider her employment terminated. Bourne Dep. 40: 11-16. Plaintiff was given no procedural due process whatsoever, and Defendants Bourne and Holloway's conduct violated Plaintiff's constitutional due process rights to notice and a hearing. Her right to notice and hearing were clearly established at the time. Defendant Holloway himself had even filed a prior lawsuit alleging a federal due process violation because he had been terminated without notice and a hearing.

Any reasonable official in the circumstances of Defendants Holloway and Bourne would have known that the termination of a licensed employee without notice and a right to a hearing would be a violation of her constitutional rights to procedural due process – the U.S. Supreme Court held as much over thirty years ago, and Mississippi Code Ann. § 37-9-59 sets out detailed procedures that must be followed prior to terminating or suspending an employee. Defendants Bourne and Holloway violated Plaintiff's constitutional right to notice and a hearing prior to termination; her rights in that regard were clearly established; and any reasonable official would

have realized that terminating Plaintiff without notice and a hearing would be a violation of her constitutional rights.

Therefore, Defendants Bourne and Holloway are not entitled to qualified immunity with regard to Plaintiff's § 1983 claims against them, and their Motion for Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court would deny Defendants' Motion for Summary Judgment.

RESPECTFULLY SUBMITTED, this the 7th day of June, 2016.

Angela McMullen

By:

_____/s/ Mitchell D. Thomas_____

MITCHELL D. THOMAS, MSB 104826
LOGAN & MAYO, P.A.
P. O. BOX 218
NEWTON, MS 39345
(601) 683-7888 (Telephone)
(601) 683-3885 (Facsimile)
mthomas@newtonmslaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Mitchell D. Thomas, certify that I electronically filed a Plaintiff's Memorandum in Support of Plaintiff's Response to Motion for Summary Judgment with the Clerk of the Court using the ECF system which sent notification of such filing to the aforesaid counsels for Defendants.

Hon. William R. Allen
Hon. J. Chadwick Williams
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602


This the 7th day of June, 2016.


By:   _____*/s/ Mitchell D. Thomas*_____
        MITCHELL D. THOMAS, MSB # 104824