IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANGELA McMULLEN**                                                                **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO.: 1:15-cv-196-SA-DAS**

**STARKVILLE OKTIBBEHA CONSOLIDIATED
SCHOOL DISTRICT, DR. LEWIS HOLLOWAY,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, AND TIMOTHY BOURNE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES**                          **DEFENDANTS**

### DR. LEWIS HOLLOWAY AND TIMOTHY BOURNE'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

Come now Dr. Lewis Holloway ("Holloway") and Timothy Bourne ("Bourne"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Order Staying Discovery (*CM/ECF Doc. No. 7*) entered in this matter, respectfully submit their Reply to Plaintiff's Response to their Motion for Summary Judgment. In support thereof, the moving defendants would show as follows:

### INTRODUCTION

This suit arises out of Plaintiff's former employment as a teacher during the 2014-2015 school year with the Starkville Oktibbeha School District. (*Compl.*, ¶¶ 1-2). In particular, the Plaintiff claims the school district wrongfully terminated her employment and violated her rights under the FMLA. (*Compl.*, ¶¶ 4, 8, 13, 14, 16).

### CLAIMS

While the Plaintiff has made no specific factual allegations in her Complaint against Defendants Holloway and Bourne in their individual capacities, the Plaintiff claims the school district did not give her notice of non-renewal for the 2015-2016 school

year (*Compl.*, ¶¶ 4, 8); did not give her notice of charges before terminating her (*Compl.*, ¶ 5); did not grant her FMLA request (*Compl.*, ¶¶ 13-14); and breached her contract of employment (*Compl.*, ¶ 16).

## ARGUMENT

### I. STATE LAW CLAIMS

Plaintiff has made no specific factual allegations in her Complaint against Defendants Holloway and Bourne in their individual capacities. Additionally, Plaintiff did not respond in her brief to Defendants' arguments relating to her state law claims.

Clearly, all of Plaintiff's state law claims pertain to her discharge from employment with the school district and are related to conduct within the course and scope of these Defendants' employment. As a result, any state law claims against Holloway and/or Bourne must be dismissed pursuant to Section 11-46-5 of the MTCA which bars personal liability.

### II. FEDERAL LAW CLAIMS

Other than naming these Defendants in their individual capacities, the Plaintiff has made no specific allegations against Holloway or Bourne in their individual capacities. Even if she had, the individual Defendants would be entitled to qualified immunity because there is no proof of a constitutional violation, and the moving Defendants' conduct was objectively reasonable under the circumstances.

#### A. QUALIFIED IMMUNITY

Qualified immunity protects government officials from liability "to the extent that that their conduct is objectively reasonable in light of clearly established law."

*Crostley v. Lamar Co., Tex.*, 717 F.3d 410, 422 (5th Cir. 2013). The doctrine provides "immunity from suit rather than a mere defense to liability." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005)(internal citations omitted). It "provides ample protection to all the plainly incompetent or those who knowingly violate the law." *Id*. (internal citations omitted).

Where it is raised, the plaintiff has the burden to show the inapplicability of the defense. *Id*. (internal citations omitted). In order to do so, the Plaintiff must satisfy a two-prong test. *Crostley*, 717 F.3d at 422. "First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. Notably, however, the two requisites may be addressed in either order. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)(citing *Pearson v. Callahan*, 555 U.S. 223, 223, 129 SCt. 808, 172 L.Ed.2d 565 (2009)).

A core issue in this case with regard to qualified immunity is whether every administrator acting pursuant to Miss. Code Ann. § 37-9-57, where a teacher has abandoned her job, would understand that not providing notice and a hearing to the teacher prior to dismissal would violate the law. Here, there is no authority to guide an administrator in making such a decision.

When considering a defendant's entitlement to qualified immunity, a Court must ask whether the law so clearly and unambiguously prohibited his conduct that "every 'reasonable official would understand that what he is doing violates [the law]." *Ashcroft v. al-Kidd*, 131 S.Ct. at 2083 (2011)(emphasis added)(quoting *Anderson v. Creighton*, 483

U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). To answer that question in the affirmative, a Court must be able to point to controlling authority—or a "robust 'consensus of persuasive authority'"—that defines the contours of the right in question with a high degree of particularity. *Id*. at 2084 (citing *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).

Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established. *Wilson*, 526 U.S. at 617-18, 119 S.Ct. 1692. This is true even when the circuit split developed after the events in question. See *id*. (holding that qualified immunity was appropriate because "[b]etween the time of the events of this case and today's decision, a split among the Federal Circuits in fact developed"). As the Supreme Court explained, "if judges thus disagree on a constitutional question, it is unfair to subject [government officials] to money damages for picking the losing side of the controversy." *Id*. at 618, 119 S.Ct. 1692.

The Supreme Court has held that generalizations and abstract propositions are not capable of clearly establishing the law. The Supreme Court underscored this point in *Ashcroft v. al-Kidd*, where it noted that it has "repeatedly told courts…not to define clearly established law at a high level of generality." *Id*. (citations omitted); see also *Brosseau v. Haugen*, 543 U.S. 194, 198k 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)(holding that the clearly-established inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition"). The Court has explained:

4

> [T]he right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that Clause…violates a clearly established right…But if the test of "clearly established law" were to be applied at this level of generality, it would bear no relationship to the "objective legal reasonableness" that is the touchstone of [qualified immunity]."

See *Anderson v. Creighton*, 483 U.S. at 639, 107 S.Ct. 3034. Although the Supreme Court has repeatedly admonished courts not to define clearly established law at a high level of generality, this does not mean that "a case directly on point" is required. *al-Kidd*, 131 S.Ct. at 2083. Rather, "existing precedent must have placed the statutory or constitutional question *beyond debate*." *Id*. (emphasis added). The *sine qua non* of the clearly-established inquiry is "fair warning." See *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)("[T]he salient question that the Court of Appeals ought to have asked is whether the state of the law in 1995 gave respondents fair warning that their alleged treatment of Hope was unconstitutional.") Thus, the Court must ask "not only whether courts have recognized the existence of a particular constitutional right, but also…whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct." *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002)(en banc)(discussing *Wilson*, 526 U.S. at 614-15, 119 S.Ct. 1962, and *Anderson*, 483 U.S. at 640, 107 S.Ct. 3034).

Here, Plaintiff argues there are no reported cases regarding the use of Miss Code. Ann. § 37-9-57 to terminate an employee and that it "was not intended by the legislature to be used to terminate employees and reasonable officials do not use it to terminate employees." *Pl. Brief*, p. 14. Notably, absent from this argument is any evidence

regarding the intent of the legislature and whether other officials have used the statute for this purpose. The fact remains that there is no existing precedent that has placed the statutory or constitutional question beyond debate, and these Defendants are therefore entitled to qualified immunity.

### i. No Constitutional Violation.

The Fourteenth Amendment protects individuals against the deprivation of their property or liberty by state actors without procedural due process. See *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). A plaintiff seeking protection under the federal due process clause must first establish that she has a protected property interest. *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 304 (5th Cir. 2006)(citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)); see also *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999)("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"). "In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he 'must have more than an abstract need or desire for it. She must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995)(quoting *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709). "[T]he sufficiency of the claim of entitlement must be decided by reference to state law," *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), for the Constitution protects, but does not create property interests. Instead, "'they are created and their dimensions are defined

6

by existing rules or understandings that stem from an independent source such as state law.'" *Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir. 1987)(quoting *Roth*, 408 U.S. at 577, 92 S.Ct. 2701); see also *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 275 (5th Cir. 2000)(citing *Schaper*).

### a. Property Interest

Property interests are not created by the Constitution. See *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Rather, whether Plaintiff possessed such a property interest is "determined by reference to state law," see *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir. 1984), and must "stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." See *Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995). The Mississippi Supreme Court has stated that a contract right constitutes an enforceable property interest. *Wicks v. Miss. Valley State Univ.*, 536 So. 2d 20, 23 (Miss. 1988).

Here, while the Plaintiff had been working with school district under a contract for the 2014-2015 school year, she was terminated pursuant to the "abandonment" statute found at Miss. Code Ann. § 37-9-57, and unlike Miss. Code Ann. § 37-9-59, that statute does not provide any procedural safeguards prior to termination of the employee; to the contrary, if an employee abandons their job, their employment contract becomes null and void pursuant to the statute. Miss. Code Ann. § 37-9-57. That is, Plaintiff's abandoning her job nullified any property interest she had in her

7

employment and, accordingly, Plaintiff cannot show a deprivation of a constitutionally protected property interest.

### b. Liberty Interest

To show deprivation of a liberty interest, Plaintiff must show "(1) that she has been stigmatized, (2) in or as a result of the 'discharge' process, and (3) that the stigmatization resulted from charges made public by her employer." *Id.* (citing *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir. 1983)). Upon this showing, the plaintiff is entitled to a hearing—not to recapture her previous employment—but to clear he name. See *id.* (citing *Wells*, 711 F.2d at 676 (in turn citing Roth, 408 U.S. at 573-75, 92 S.Ct. at 2701); *Dennis*, 577 F.2d at 340). "[I]nfringement of one's liberty interest can be found only where the governmental agency has made or is likely to make the allegedly stigmatizing charges public in any official or intentional manner, other than in connection with the defense of related legal action." *Id.* at 1088 (internal quotation marks and citations omitted); see, *e.g.*, *Dennis*, 577 F.2d at 339, 341 (plaintiff "had been deprived of liberty without due process when members of the school board, in explaining why his teaching contract had not been renewed, publicly charged that he had a drinking problem"). "[T]he mere presence of derogatory information in confidential files does not infringe an individual's liberty interest." *Id.* at 1087-108 (citing *Sims v. Fox*, 505 F.2d 857, 864 (5th Cir. 1974)(en banc), cert. denied, 421, U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975)).

Plaintiff has failed to allege how Defendants made public any charges against her. Additionally, Plaintiff now works as a teacher at the Noxubee County High School

and did so for the entire 2015-2016 school year. *Pl. Dep.*, 88:02 – 88:19. Thus, Plaintiff cannot show a constitutionally protected liberty interest to sustain her Fourteenth Amendment claims.

### ii. Procedural Due Process.

Plaintiff has not shown a protected liberty or property interest in this matter. And, while Plaintiff alleges that, pursuant to Miss. Code Ann. § 37-9-59, she was entitled to notice and a hearing prior to termination, both Holloway and Bourne have testified that the Plaintiff was not terminated pursuant to Miss. Code Ann. § 37-9-59. Both Holloway and Bourne testified that Plaintiff was terminated pursuant to Miss. Code Ann. § 37-9-57.

### iii. *Parratt/Hudson* Doctrine.

With regard to *Hudson v. Palmer*, 468 U.S. 517 (1984) and *Parratt v. Taylor*, 451 U.S. 527 (1981), the Fifth Circuit has noted:

> *Parratt* and *Hudson* hold that no constitutional claim may be asserted by a plaintiff who was deprived on his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct.

*Martin v. Dall. Cnty., Tex.*, 822 F.2d 553, 555 (5th Cir. 1987)(citations omitted).

Plaintiff argues that these Defendants cannot avail themselves of the *Parratt/Hudson* doctrine because they "acted under color of state law, they contend they acted under an established state procedure, their actions were not random and

unauthorized, and because Defendants' actions deprived Plaintiff of her post-deprivation remedies as well as her pre-deprivation remedies." *Pl. Brief*, p. 18.

The Plaintiff's entire argument in this case is that the actions of these Defendants was contrary to and not authorized by state statute. Furthermore, Plaintiff had an adequate post-deprivation remedy in the form of a suit for breach of her employment contract – which she in fact did bring in this case. (See, *Compl.*, ¶ 16). She also could have brought a tortious interference claim against these Defendants, although she did not. The *Parratt/Hudson* doctrine, therefore, applies to bar Plaintiff's procedural due process claim.

        **iv.    Substantive Due Process.**

To the extent that the Plaintiff contends her termination amounts to a substantive due process violation, this claim likewise fails.

The substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S.Ct. 1061m 117 L.Ed.2d 261 (1992)(quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). A plaintiff must show two things to state a claim for deprivation of substantive due process in the context of public employment: "'(1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious.'" *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quoting *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993)). The guarantee of substantive due process "does not

entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Thus, typical state law torts, such as negligence, fail to implicate the Due Process Clause. See *id*. at 849, 118 S.Ct. 1708 ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.")(citations omitted); *Collins*, 503 U.S. at 129, 112 S.Ct. 1061 ("The Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions.")(citation and internal quotation marks omitted). The official's conduct must "'be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Doe ex rel. Magee*, 675 F.3d at 867 (quoting *County of Sacramento*, 523 U.S. at 847, 118 S.Ct. 1708). In *Doe ex rel. Magee*, the Fifth Circuit described the standard as follows:

> Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that "violates the decencies of civilized conduct"; conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency"; conduct that "interferes with rights implicit in the concept of ordered liberty"; and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 846–47 & n. 8, 118 S.Ct. 1708 (citation and internal quotation marks omitted). Many cases that have applied the standard have involved the use of extreme force by police officers or other state actors. See *Checki v. Webb*, 785 F.2d 534, 535–36, 538 (5th Cir. 1986)(state trooper intentionally used his vehicle to terrorize motorist and passenger); *Shillingford v. Holmes*, 634 F.2d 263, 264–65 (5th Cir. 1981)(police officer intentionally struck tourist because he was photographing the police officer and fellow officers apprehending a boy on the street during a Mardi Gras parade), abrogated on other grounds by *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993); see also *Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d 1069, 1071, 1075–76 (11th Cir. 2000)(student

11

blinded in one eye when a coach intentionally hit him in the head with a metal weight); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 797 (8th Cir. 1998)(rape of a woman at her house by a police officer after he stopped her for a traffic violation); *Hemphill v. Schott*, 141 F.3d 412, 418–19 (2d Cir. 1998)(police officer provided assistance to a third party in shooting the plaintiff). As one court has recently summarized, **"[t]he burden to show state conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme**." *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010)(citation and internal quotation marks omitted).

*Doe ex rel Magee*, 675 F.3d at 867–68 (emphasis added). Here, there is no evidence of wrongdoing that would amount to culpability beyond mere negligence, nor is there evidence of any conduct by these Defendants that "shocks the conscience." At worst, this is a case where two school administrators misinterpreted a state statute which would not rise to the level of a substantive due process violation.

### v. Conduct was objectively reasonable.

As discussed above in II. A., even if Plaintiff had demonstrated a constitutional violation, it is not at all clear whether such a constitutional right was clearly established at the time of the alleged conduct by Holloway and Bourne. *Pearson*, 555 U.S. at 232.

Here, there is no authority which indicates that a school official who believes a teacher has abandoned her job and, as such, applies Section 37-9-57 which does not require notice and a hearing, would be acting unreasonably. It certainly cannot be said that "all reasonable officials" would have realized terminating Plaintiff under Section 37-9-57 would violated Plaintiff's right to due process. Accordingly, Holloway and

Bourne are entitled to qualified immunity relating to Plaintiff's claim that she was entitled to notice and a hearing prior to being terminated for job abandonment.

## CONCLUSION

For all of the reasons stated hereinabove, as well as those in their Motion for Summary Judgment and accompanying Memorandum in Support thereof, Dr. Lewis Holloway and Timothy Bourne are entitled to summary judgement as a matter of law.

**DATE:** JUNE 21, 2016.

> Respectfully submitted,
>
> **DR. LEWIS HOLLOWAY and TIMOTHY BOURNE**
>
> BY: /s/ *J. Chadwick Williams*
> One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
J. CHADWICK WILLIAMS (MSB # 102158)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
cwilliams@aabalegal.com

13

## **CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland and Allen, attorney of record for Dr. Lewis Holloway and Timothy Bourne, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notice of the same to:

>Robert M. Logan, Esq.
>Mitchell Dee Thomas, Esq.
>LOGAN & MAYO, P.A.
>P.O. Box 218
>Newton, MS 39345
>rlogan@newtonmslaw.com
>mthomas@newtonmslaw.com

This the 21st day of June, 2016.

>/s/ *J. Chadwick Williams*
>OF COUNSEL